IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHANE ALLEN CLARK,

                       Plaintiff,

    v.                                                                                OPINION & ORDER

C.O. CATHLEEN R. MALISON, CAPTAIN KASTEN,           18-cv-489-jdp
and JASON A. ACHTERBERG,

                       Defendants.

---

Pro se prisoner Shane Allen Clark has filed a complaint about injuries he sustained while being escorted to the health services unit of the Stanley Correctional Institution. Clark has made an initial partial payment of the filing fee in accordance with 28 U.S.C. § 1915(b)(1), so his complaint is ready for screening under 28 U.S.C. § 1915(e)(2) and § 1915A. I conclude that Clark has not stated a claim under federal law, so I will dismiss the case. Clark may have a negligence claim against Malison, but that claim belongs in state court. Clark has also filed a motion for assistance in recruiting counsel, Dkt. 9, which I will deny as moot.

ALLEGATIONS OF FACT

Clark is a prisoner at the Wisconsin Resource Center in Winnebago, Wisconsin, but at the time relevant to this case, he was housed at the Stanley Correctional Institution, which is in Stanley, Wisconsin. On June 30, 2016, defendant Cathleen Malison, a "fairly new" correctional officer, was escorting Clark from the segregation unit to the health services unit. Clark was restrained in handcuffs that were tethered to a strap around his waist, limiting the movement of his arms.

Malison "tried to go doubles" through a doorway while she was holding Clark's right arm. But Malison "did not leave . . . Clark enough room to get through," so he was "forced into the door frame," which "threw him sideways."

Clark's feet got tangled in the folds of a tarp that was lying on the ground as part of a painting project. He lost his balance and "slammed sideways" into an aluminum scaffold that was part of the same project. He hit his head and shoulder on the scaffold and a threaded bolt on the scaffold "tore into" his left elbow, causing severe pain, bleeding, and permanent scarring.

A few days later, after Clark received medical treatment, Clark filed a grievance about the incident. But the grievance examiner directed Clark to attempt to resolve his grievance informally by contacting defendant Kasten, a captain assigned to the segregation unit. When Kasten failed to respond to a written request, Clark filed another grievance, but the examiner rejected the grievance as untimely.

ANALYSIS

I understand Clark to be raising two claims: (1) defendant Malison caused him to fall; and (2) defendant Kasten failed to respond when Clark contacted him to informally resolve his grievance. Clark includes a third defendant, Jason Achterberg, in the caption of his complaint, but he doesn't include any allegations about Achterberg.

I conclude that Clark has failed to state a claim upon which relief may be granted under federal law against any of the defendants. As to Achterberg, a plaintiff cannot state a claim against a defendant if he does not explain what the defendant did to violate his rights.

As to defendant Malison, Clark's allegations do not rise to the level of a violation of federal law. Clark doesn't include any legal theories in his complaint, but a claim regarding an

2

officer's use of force arises under the Eighth Amendment. In determining whether an officer has used excessive force against a prisoner in violation of the Eighth Amendment, the question is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320 (1986). In this case, Clark has not alleged that Malison was *intending* to harm him and it is not reasonable to infer from Clark's allegations that she was.

An alternative standard under the Eighth Amendment is whether the defendant was "deliberately indifferent" to the plaintiff's health or safety, or, in other words, whether the defendant consciously disregarded a substantial risk of serious harm. *Guzman v. Sheahan*, 495 F.3d 852, 857 (7th Cir. 2007). Clark has not stated a claim under this standard either. It is not reasonable to infer from his complaint that Malison knew of a substantial risk that Clark would be seriously harmed when she walked through the doorway. Nothing in the complaint supports an inference that Malison predicted the unfortunate sequence of events that followed.

To be sure, Clark's allegations suggest that he suffered a serious injury. And perhaps Malison could have been more careful when she was escorting Clark. But Clark's allegations suggest at most that Malison was negligent and an officer's negligence is not an Eighth Amendment violation. *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996). And this court cannot exercise jurisdiction over a state law claim such as negligence unless that claim is related to a federal law claim or the parties are citizens of different states. 28 U.S.C. §§ 1332 and 1367. Because Clark has not satisfied either standard, I will dismiss his claim against Malison. If he wishes to bring a negligence claim against Malison, he will have to do so in state court.

As to Kasten, Clark's only allegation is that he ignored Clark's request to informally resolve a grievance. But even if I assume that Clark's grievance was dismissed because of

Kasten's conduct, Clark has not stated a claim against Kasten. The Constitution does not require prisons to enact grievance procedures or to handle grievances in a particular way. *Kervin v. Barnes*, 787 F.3d 833, 835 (7th Cir. 2015) ("[T]he inadequacies of the grievance procedure itself . . . cannot form the basis for a constitutional claim."); *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of Owens's grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim."). If a prison official's misconduct prevents a prisoner from completing the grievance process, then the prisoner may be excused from the requirement in 42 U.S.C. § 1997e(a) to exhaust his administrative remedies, *Kervin*, 787 F.3d at 835, but Clark does not have an independent claim for that conduct.

ORDER

IT IS ORDERED that

1. Plaintiff Shane Clark's federal claims against are DISMISSED for failure to state a claim upon which relief may be granted and Clark's state law claim against defendant Cathleen Malison is DISMISSED for lack of subject matter jurisdiction. The clerk of court is directed to enter judgment accordingly.

2. Clark's motion for assistance in recruiting counsel, Dkt. 9, is DENIED as moot.

Entered July 25, 2018.

BY THE COURT:
/s/

_____
JAMES D. PETERSON
District Judge